# HAND | BALDACHIN | ASSOCIATES LLP
## LAW OFFICES

1740 Broadway
15th Floor
New York, NY  10019

dir  212.956.9508
tel  212.956.9500
fax  212.376.6080
amichaels@hballp.com

August 19, 2022

**VIA ECF**

The Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Marta Hanykiewicz v. Apiece Apart, LLC*
              Case Number:1:22-cv-3479

Dear Judge Block,

      We represent defendant Apiece Apart, LLC ("Defendant").  We write pursuant to Rule 2(A) of the Court's Individual Rules, to notify Plaintiff and the Court of Defendant's intent to file a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and to request a pre-motion conference.

      In this action, plaintiff Marta Hanykiewicz claims that Defendant's website www.apieceapart.com (the "Website") is not compliant with Title III of the Americans with the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, *et seq*. (the "ADA") and New York City Human Rights Law, N.Y.C. Admin. Code § 8-102, *et seq*. (the "NYCHRL"), because the Website purportedly denies equal access to visually-impaired customers.

      1.    <u>The Complaint Should Be Dismissed Pursuant to Fed R. Civ. P. Rule 12(b)(1) Because Plaintiff Lacks Standing</u>

      Plaintiff has no standing under the ADA because she cannot satisfy the injury-in-fact requirement of Article III, which requires Plaintiff to allege an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).  For an injury to be concrete, it must "actually exist."  *Kelen v. Nordstrom, Inc.*, 259 F. Supp. 3d 75, 79 (S.D.N.Y. 2016).  "Even in the context of a statutory violation a plaintiff cannot allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."  *Townsend v. Cochran*, 528 F Supp 3d 209, 216 – 17 (S.D.N.Y. 2021) (cleaned up).  "[C]onclusory claims of harm do not suffice." *Kelen*. at 81.



H A N D   B A L D A C H I N   A S S O C I A T E S   L L P

The Hon. Frederic Block
August 19, 2022
Page 2

      The Complaint, as is typical with ADA website accessibility cases filed by serial plaintiffs, is just a heap of generic copy & paste allegations.  The Complaint alleges that Defendant's Website contains various "access barriers," but merely recites the listing of "access barriers" that visually-impaired people ***may*** encounter on the internet.  The Complaint alleges nothing specific about Defendant's Website.  In fact, the allegations about the supposed deficiencies of Defendant's Website are word-for-word identical to the allegations contained in the 174 other ADA Website complaints that Plaintiff, along with others represented by the same attorney, have filed in this Court since January 2022. *See* Ex. 1.

      Even accepting the vague and generic nature of these allegations, Plaintiff fails to describe any "concrete and particularized" harm caused by these purported access barriers.  Plaintiff does not describe when she visited the Website; does not identify any item she intended to purchase from the Website; does not identify where she encountered any of the alleged "access barriers," or when, or how they prevented her from completing his purchase.  A court is not required to "credit a complaint's conclusory statements' when considering whether a plaintiff has alleged facts sufficient to support standing." *Amidax Trading Group. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145-6 (2nd Cir. 2011).

      Plaintiff's copy & paste allegations are insufficient to confer standing.  To satisfy standing in ADA website cases specifically, the plaintiff must allege certain facts in detail, including when they attempted to access to the website, what they were attempting to do on the website, the specific barriers that prevented them from gaining access, and how they intend to utilize the website in the future. *See Jaquez v. Aqua Carpatica USA, Inc.*, No. 20 CV 8487 (ALC), 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021) (no standing where plaintiff did not state the product plaintiff intended to purchase when they allegedly attempted to shop on the website); *Guglielmo v. Neb. Furniture Mart, Inc.*, No. 2020 WL 7480619, at *4 (S.D.N.Y. Dec. 18, 2020) (no standing where plaintiff did not identify the date website was accessed or goods plaintiff intended to purchase); *Mendez v. Apple Inc.*, 2019 WL 2611168, at *2 (S.D.N.Y. Mar. 28, 2019) (no standing where plaintiff did not identify date accessed, goods plaintiff intended to purchase, or section of the website plaintiff attempted to access).

      Plaintiff has alleged none of this, and, as the Second Circuit has just recently made clear, these "transparent cut-and-paste and fill-in-the-blank pleadings" which are pervasive in the website accessibility context, are not enough to plausibly state an injury. *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 77 (2d Cir 2022) ("This backdrop of Plaintiffs' Mad-Libs-style complaints further confirms the implausibility of their claims of injury.").

hbg

H AND  B ALDACHIN  A SSOCIATES  LLP

The Hon. Frederic Block
August 19, 2022
Page 3

    2.  <u>The Complaint Should Be Dismissed Pursuant to Fed R. Civ. P. Rule 12(b)(6) Because Plaintiff Fails to State a Claim for Relief</u>

In addition, Plaintiff's complaint fails to state a claim upon which relief can be granted because Defendant's Website, a standalone website without any connection to a physical location, is not a place of public accommodation covered by the ADA.

Numerous courts within this circuit have held that Title III of the ADA does not cover such intangible businesses, but only physical places of public accommodation. *See e.g., Martinez v. MyLife.com, Inc.*, 2021 WL 5052745, at *3 (E.D.N.Y. Nov. 1, 2021); *Winegard v. Newsday LLC*, 2021 WL 3617522 (E.D.N.Y. Aug. 16, 2021); *Suris v. Gannett Co.*, 2021 WL 2953218, at *2 (E.D.N.Y. July 14, 2021). While the Second Circuit has yet to resolve the issue, the two circuit courts of appeal that have addressed whether a website, in and of itself, is a place of public accommodation have each held that it is not. *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir.), *cert. denied*, ––– U.S. ––––, 140 S. Ct. 122, 205 L.Ed.2d 41 (2019) (expressly avoiding resolving the issue of whether a website was itself a public accommodation (*id*. at 905 n.6), and instead embracing a "nexus" standard; holding that the ADA applies to only those websites that "connect[] customers to the goods and services of [] physical [locations]."); *see also Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir. 2021) (explaining that the statutory language defining "public accommodations" was unambiguous and clear—it describes 12 types of locations, all of which were tangible, physical places, and holding that "pursuant to the plain language of Title III of the ADA, public accommodations are limited to actual, physical places," and websites did not qualify.").

For these reasons, Defendant seeks leave to file a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), based on Plaintiff's lack of standing and failure to state a claim.

    Respectfully submitted,

    Adam B. Michaels

hbg