

YAAKOV SAKS▲▪*
JUDAH STEIN▲▪
ELIYAHU BABAD▲▪
TAMIR SALAND▪
MARK ROZENBERG▪
KENNETH WILLARD▲▪
CHRISTOFER MERRITT▲▪

▲ NJBar Admissions
^ CT & NJ Bar Admissions
▪ NY Bar Admission
*Federal Court Bar Admissions
AR, CT, CO, DC, IL, MI, MO, ND, NE, NM, TN, TX, WI

One University Plaza, Suite 620, Hackensack, NJ 07601 | tel: 201.282.6500 | fax: 201.282.6501 | www.steinsakslegal.com

August 25, 2022

**Via ECF**
Hon. Frederic Block
U.S. District Court, Eastern District of New York

    RE:    *Hanyzkiewicz v. Apiece Apart, LLC.*
            Case No.: 1:22-cv-3479
            **Plaintiff's Response to Pre-Motion Letter Re: Proposed Motion to Dismiss**

Dear Judge Block,

    This firm represents the Plaintiff, Marta Hanyzkiewicz, in the above-referenced matter. Please accept this correspondence as Plaintiff's Response to Defendant Apiece Apart, LLC's ("Defendant") pre-motion letter regarding its intent to file a Motion to Dismiss.

## Statement of Facts

    Plaintiff, a visually impaired and legally blind resident of Queen County, New York brought the instant action alleging violations of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12182 *et seq.*, and New York Human Rights Law *"NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* based on the unlawful discrimination she experienced as she attempted to access Defendant's website. *See* Dkt. #1, at ¶¶ 1-11. Specifically, Plaintiff alleged that despite the fact that Defendant's website, www.apieceapart.com, offers goods and services for sale in the State of New York, she faced an access barrier form of discrimination in being denied a shopping experience similar to that of a sighted individual in that Defendant's website was not compatible with screen-reading technology Plaintiff and the visually-impaired community as a whole rely upon to access the internet. *Id.* at ¶ 21-24. Plaintiff specifically alleged that there were issues with the website's use of alt. text which made it impossible to differentiate between different elements on the screen, missing label elements or title attributes, pages having repeated title elements making it impossible to distinguish between the pages, and broken links preventing the ability to properly search the website. *Id.* at ¶¶ 24-28. After addressing the specific barriers associated with Defendant's website, Plaintiff alleged that the barriers denied Plaintiff the ability to use and enjoy Defendant's website and further was deterred from future use of Defendant's website. *Id.* at ¶¶ 29-32.

## Argument

    It must be noted that Defendant does not seek dismissal arguing that it provided equal access to its website or that the deficiencies alleged have been remedied, but rather, Defendant seeks to evade responsibility for its discriminatory practices on the basis of standing and an incorrect interpretation of

the ADA. Contrary to Defendant's contentions, Plaintiff has standing, and the ADA requires Defendant to ensure equal access to its website. Therefore, Defendant's instant request must be denied in its entirety.

### *Plaintiff Has Standing*

"In reviewing standing under the ADA, a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act." *Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. LEXIS 209202, at *25 (S.D.N.Y. Dec. 4, 2019)(quoting *Feltzin v. Clocktower Plaza Props., Ltd.*, 2018 U.S. Dist. LEXIS 32686, at *3 (E.D.N.Y. Mar. 8, 2018). Despite Defendant's contentions, Plaintiff properly plead that she is a blind, visually impaired individual who experienced discriminatory access barriers that prevented her from full an equal access to Defendant's website, and that such barriers deterred her from further attempts to access Defendant's website. Contrary to Defendant's assertion, such barriers were not merely hypothetical in nature, but rather are issues that exist with Defendant's website. Based on the same, Plaintiff has standing to bring and maintain this action.

The specific alleged deficiencies Defendant raises demonstrate an improper interpretation of what must be shown to demonstrate standing for an ADA claim. Specifically, this Circuit has not traditionally required a pleading to include a statement as to why a Plaintiff wanted to visit a particular business, particularly in the context of a barrier-based discrimination claim, such as a store failing to provide a wheelchair ramp. *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2d Cir. 2013). The *Kreisler* decision demonstrates that a plaintiff has standing by merely pleading that he has a disability as defined in the ADA, and that the defendant created a barrier that prevented access to its goods and services on the basis of that disability. Specifically, the *Kreisler* plaintiff had standing despite the fact that the pleadings lacked specific information as to the nature of the physical barrier which prevented him from accessing the defendant's business, with such information only coming to light through the course of discovery. *Id.* at 188. Thus, Plaintiff has clearly demonstrated her standing by describing her disability and the barriers that she encountered attempting to access Defendant's website which deterred her from continuing to visit Defendant's website. Therefore, Plaintiff has standing to bring and maintain this suit.

Similarly, there is no requirement that an ADA plaintiff plead a specific issue that "prevented her from completing a transaction", as alleged by Defendant. Rather, merely failing to provide information to a blind or visually impaired individual that was provided to sighted individuals is sufficient to constitute discrimination under the ADA. *See Camacho*, 2019 U.S. Dist. LEXIS 209202, at *26 (S.D.N.Y. Dec. 4, 2019). In *Camacho*, the website at issue did not feature sales, but rather provided information regarding the website's owner, and the failure to ensure equal access to the same violated the ADA. *Id.* Defendant's unsupported position to the contrary must therefore be rejected.

Additionally, it is noted Defendant's reference to *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 77 (2d Cir. 2022) is improper, as it notes the court's reference to "mad-libs" style complaints in that case. The *Calcano* court found that numerous nonsensical allegations made in the consolidated Complaints were implausible. However, Plaintiff in the present case made no such errors in her initial pleadings. Rather, she made specific allegations regarding her difficulty using Defendant's website, emphasizing the plausibility of her purpose in visiting the website.

In the instant matter, Plaintiff has plead that she has a disability as defined in the ADA, that she suffered discrimination based on that disability, and specifically listed various access barriers that were present on Defendant's website, deterring her from attempting to access the website again. This Circuit

has specifically found this pattern sufficient to demonstrate standing. *See Kreisler*, 731 F.3d; *see also Camacho*, 2019 U.S. Dist. LEXIS 209202 (the plaintiff had standing by alleging that he was deterred from re-visiting the subject website but intended to return to the website if it were to become accessible). Therefore, Plaintiff has standing to bring and maintain this action.

While Plaintiff maintains that she has demonstrated standing pursuant to the allegations contained in the Complaint, she is willing to amend the Complaint to provide a more definitive statement as to her interest in the website and as to the specific items that she was interested in purchasing, including, but not limited to a "Serra Top," "Trail Shorts," and "Los Altos Top."

### *Defendant's Website is Subject to the ADA*

Defendant is correct that the Second Circuit has not specifically addressed the issue of whether the ADA applies to websites; however, it has decided that the ADA is not limited to entities with physical structures. *See Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999). Additionally, both the First and Seventh Circuits have held that the ADA covers websites that offer goods or services to the public are considered places of public accommodation under the ADA. *Carparts Distribution Ctr. Inc. v. Auto. Wholesaler's Ass'n of New England, Inc.*, 37 F.3d 12 (1st Cir. 1994); *Doe v. Mut. Of Omaha Ins. Co.*, 179 F.3d 557 (7th Cir. 1999); *Morgan v. Joint Admin Bd.*, 268 F.3d 456 (7th Cir. 2001). Similarly, there are multiple district courts in this circuit that have similarly applied the ADA regardless of the existence of a brick-and-mortar location. *See Romero v. 88 Acres Foods, Inc.,* 2022 U.S. Dist. LEXIS 9040 (S.D.N.Y. Jan. 18, 2022); *Panarese v. Sell It Soc., LLC*, 2020 U.S. Dist. LEXIS 119002 (E.D.N.Y. July 2, 2020); *Reed v. 1-800-Flowers.com, Inc.*, 327 F.Supp. 3d 539 (E.D.N.Y. Aug. 24, 2018); *Andrews v. Blick Art Martierals, LLC*, 268 F.Supp. 3d 381 (E.D.N.Y. July 31, 2017); *Nat'l Fedn. of the Blind v. Scribd Inc.*, 97 F.Supp. 3d 565 (D. VT. Mar. 19, 2015); *Del-Orden v. Bonobos, Inc.*, 2017 U.S. Dist. LEXIS 209251 (S.D.N.Y. Dec. 20, 2017)("the Court is persuaded by various authorities… that **the ADA applies to commercial websites in general**")(emphasis added).

It should be noted that, while not offering a traditional storefront, Defendant's website directs customers to a showroom, which the DOJ has stated constitutes a place of public accommodation. Therefore, there is no question that Defendant's website must comply with the ADA.

The Courts which have found that the ADA covers websites regardless of their connection to a brick-and-mortar location based their conclusions on a common-sense interpretation of the ADA. Specifically, Congress intended to eliminate discrimination based on an individual's disabilities in general. Furthermore, at a minimum, the district courts in this circuit have generally accepted that a brick-and-mortar business' website is covered by the ADA. *Del-Orden*, 2017 U.S. Dist. LEXIS 209251. Accordingly, finding that a physical location is required for the ADA to apply to a website would allow the entity to escape liability for a discriminatory website simply by closing its physical locations. Such a non-sensical outcome favors a broader interpretation of the ADA and the denial of the instant pre-motion letter.

### **Conclusion**

Pursuant to the foregoing, Plaintiff requests that the instant request for a pre-motion conference be denied. In the alternative, Plaintiff is willing to amend the Complaint to plead with more specificity regarding the issues discussed above.

                                                  Respectfully Submitted,
                                                  */s/ Mark Rozenberg*